THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
MANUEL PIÑERO AGOSTO, Defendant and Appellant.

No. 13059. Argued April 8, 1948.—Decided April 14, 1948.

*Guillermo S. Pierluisi* for appellant. *Luis Negrón Fernández, Attorney General* and *J. Rivera Barreras, Prosecuting Attorney,* for appellee.

Mr. Justice Marrero delivered the opinion of the Court.

Manuel Piñero Agosto was accused and convicted of the offenses of carrying a weapon and failing to register a firearm. From the judgments rendered against him he has appealed to this Court. In his brief he maintains that the lower court erred in overruling the demurrer interposed by him to the information for nonregistration of a firearm, and that the judgments in both cases are contrary to law and the evidence.

The information in the case of the violation of the Registration of Firearms Act alleges, in brief, that the defendant "on or about May 11, 1947, and in Río Piedras, which forms part of the judicial district of San Juan, unlawfully and wilfully had in his possession and control, without so declaring it in writing to the Chief of Police of Río Piedras, *which is the district where the defendant resides,* a pistol, such pistol being a firearm with which serious bodily injury may be caused." (Italics ours.)

The record shows that upon the case being called for trial, the defendant filed a demurrer based on the ground that "under our legislation, there is no such offense as to possess a pistol without declaring the possession thereof." This is not correct. Section 7 of Act No. 14 of July 8, 1936 (Laws of 1936, p. 128), as amended by Act No. 95 of May 12, 1937 (Laws of 1937, p. 231), provides that:

"Every person who, for any reason, has any firearm in his possession when this Act takes effect, shall be obliged so to declare, in writing, not later than the thirtieth day after the day on which is made the last publication of the edicts provided for in § 9 of this Act, to the chief of the Insular Police of the district where he

resides. Likewise, every person obtaining in any manner the control or possession of any firearm after this Act is in force shall be obliged so to declare, in writing, to the chief of the Insular Police of the district where he resides. . . . "

Construing that Act this Court, on numerous occasions, has held that the gist of the offense is the possession of the weapon, regardless of the time when it was obtained, and the failure to declare it in writing to the proper chief of the Insular Police. *People* v. *Sánchez,* 55 P.R.R. 908, and *People* v. *Martínez,* 67 P.R.R. 804.

◼ Since the first error assigned is nonexistent, we now turn to the second assignment, which, as we have already seen, relates to the weighing of the evidence by the lower court. We will analyze said evidence:

*Rafael C. Torres* testified that he is a Corporal of the Insular Police, that on May 11, 1947, at about 5 o'clock in the afternoon, he was travelling in an automobile, from Río Piedras to Carolina, together with his wife and other friends; that upon reaching a certain place in the ward of Sabana Llana, where there is a gasoline station, the traffic was interrupted, and that at that moment the defendant crossed the highway making zigzags, and carrying a German pistol in his hand; that he then said: "Look out, that drunkard may shoot you with that pistol"; that immediately the defendant moved towards him, aimed at his temple, and tried to shoot him; that Piñero Agosto hit him with the pistol and that afterwards a person known as "El Negro Bueno" took the pistol from the defendant and threw it away; that the defendant "resides right there in Sabana Llana, in an intersecting street on the left side of the highway, and that on May 11, 1947, he resided there."

*Isabel Fornés de Torres* corroborated the testimony of her husband, who was the preceding witness, and she stated that she saw the pistol carried by the defendant, and described it.

*Rosario Martínez de Pacheco* was in the automobile driven by Rafael C. Torres at the time of the occurrence. She saw the pistol in defendant's possession and also saw when the latter wounded Corporal Torres and when he broke one of the car's glass panes with the pistol.

*Hernán Altieri* is an insular policeman, who has charge of the Register of Weapons in the General Headquarters. He stated that one Manuel Piñero appears as having registered a revolver; but that Manuel Piñero Agosto does not appear to have registered any firearm in Río Piedras or in any district of the Island.

The evidence for the defense, which consisted of the testimony of Gregorio Bulerín, Natividad Morales Pastrana, Rosendo Clemente, and the defendant himself, tended to show that he did not carry any weapon on the day referred to in the informations.

The lower court weighed the evidence, resolved the conflict therein, and reached the conclusion that the defendant carried an unregistered weapon. The evidence supports the appraisal made by said court and we do not find that in making its findings it committed manifest error or acted under the influence of passion, prejudice, or partiality. See *People v. Santos,* 67 P.R.R. 610 and *People v. Rodríguez,* 59 P.R.R. 601. Upon the conflict being resolved by the lower court in the manner stated, there were established the possession of the firearm, the nonregistration thereof, and the fact that on May 11, 1947, the defendant resided in the ward of Sabana Llana, within the municipal district of Río Piedras. *People v. Alvarado,* 63 P.R.R. 623; *People v. Otero,* 61 P.R.R. 33 and *People v. Rodríguez, supra.*

Under those circumstances, the judgments appealed from should be affirmed.